IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 





NO. WR-78,112-01





EX PARTE HECTOR TORRES GARCIA, Applicant









ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. CR-1522-89-G IN THE 370TH JUDICIAL DISTRICT COURT

FROM HIDALGO COUNTY




 Per Curiam.


O R D E R



 This is an application for a writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure article 11.071. See Tex. Code Crim. Proc. art. 11.071.

 Applicant was convicted of capital murder on July 24, 1990. The jury answered the
special issues submitted pursuant to Texas Code of Criminal Procedure article 37.071 in the
affirmative, and the trial court sentenced applicant to death. See Tex. Code Crim. Proc. art.
37.071 (Vernon 1989). This Court affirmed applicant's conviction and sentence on direct
appeal. Garcia v. State, 887 S.W.2d 862 (Tex. Crim. App. 1994).

 In August 1997, applicant filed his initial post-conviction application for writ of
habeas corpus pursuant to Texas Code of Criminal Procedure Article 11.071. On March 31,
2009, applicant simultaneously filed two subsequent applications. (1) In March 2011, applicant
filed a motion for evidentiary hearing. The trial court denied that motion and ordered all three
applications forwarded to this Court. To this date, the trial court has not conducted an
evidentiary hearing, nor has it entered findings of fact and conclusions of law on any of the
claims raised in the initial writ application.

 In his initial application for a writ of habeas corpus filed in 1997, applicant raises nine
claims challenging the validity of his conviction and sentence. We remand this application
for the trial court to resolve the issues raised by any means it deems appropriate. See Tex.
Code Crim. Proc. art. 11.071, §§ 8, 9. Following the resolution of the issues, the trial court
shall make findings of fact and conclusions of law relevant and appropriate to the disposition
of all the claims raised in applicant's initial application.

 The trial court shall resolve the issues presented within 60 days of the date of this
order. A supplemental transcript including the trial court's findings and conclusions shall be
returned to this Court within 90 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 5TH DAY OF June, 2013.


Do Not Publish

 

 
1. Although applicant styled one application as a "supplemental application" and the other as
a "subsequent application," both must be treated as subsequent applications because both were filed
after the time limits prescribed by Texas Code of Criminal Procedure Article 11.071. See Tex. Code
Crim. Proc. art. 11.071, §§ 4(a), 5(f).
2. Any extensions of this time period shall be obtained from this Court.